J-S26016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY JONES | |
| Appellant | No. 3291 EDA 2014 |

Appeal from the Judgment of Sentence entered November 28, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0015505-2008

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                   **FILED JUNE 20, 2016**

Appellant, Anthony Jones, appeals from the judgment of sentence the Court of Common Pleas of Philadelphia County entered November 28, 2011. Counsel has filed a brief under ***Anders v. California***, 386 U.S. 738 (1967), and petitioned to withdraw as counsel, alleging that this appeal is wholly frivolous.  Upon review, we deny counsel's application to withdraw as counsel, and remand this case either for a compliant ***Anders***/***Santiago***[1] brief or an advocate's brief.

The trial court summarized the procedural background of the case in its Rule 1925(a) opinion, which reads:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

The relevant facts regarding the instant appeal are as follows: On September 26, 2011, Appellant Anthony Jones [] was found guilty in a waiver trial before the Honorable Ellen Ceisler and was convicted of [p]ossession of a [f]irearm [p]rohibited. On November 28, 2011, Judge Ceisler sentenced Appellant to a term of between three and one half to seven years of imprisonment. On July 9, 2012, Appellant filed a timely *pro se* petition under the Post Conviction Relief Act. Appellant was assigned a new court appointed attorney, [present counsel], who filed an entry of appearance on May 3, 2013.

On March 6, 2014, Appellant filed an Amended Petition pursuant to the Post Conviction Relief Act. On October 30, 2014, Judge Ceisler reinstated Appellant's appeal rights *nunc pro tunc*. On October 31, 2014, this [c]ourt entered an order, pursuant to Pa.R.A.P. 1925(b)(1), instructing Appellant to file a concise statement of errors complained of on appeal no later than twenty-one days after Appellant received notice of said order.

Appellant failed to file such a concise statement within the required twenty-one days; however, on February 24, 201[5], [c]ounsel for Appellant did file an untimely statement, pursuant to Pa.R.A.P. 1925(c)(4), indicating his intent to file an **Anders/McClendon**[2] brief[.]

Trial Court Opinion, 4/29/14, at 1-2 (footnotes omitted).

On appeal, Appellant raises the following issue:

Were any meritorious issues properly raised or preserved in this appeal?

Appellant's Brief at 7.[3]

When presented with an **Anders** brief, this Court may not review the

merits of the underlying issues without first examining counsel's petition to

_____

[2] **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

[3] A review of the brief reveals that Appellant intended to raise ineffective assistance of counsel claims (IAC) pertaining to trial counsel.

withdraw. *See Santiago*, 978 A.2d at 361; *see also Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's petition to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his *Anders* brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of *Anders*.

We next must determine whether counsel's *Anders* brief complies with the substantive requirements of *Santiago*, wherein our Supreme Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a

- 3 -

summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Here, our review of the brief indicates that counsel has failed to comply with the briefing requirements of *Santiago*.

The summary of the procedural history and facts consists of a few sentences, with no citations to the record, or description of the facts underlying Appellant's conviction. Counsel does not refer to anything in the record that he believes arguably supports the appeal, nor did he state there are no references for him to make.[4] Counsel merely addresses Appellant's arguments in support of this appeal (IAC claims), explaining why the issues have no merit,[5] but fails to cite any statute or caselaw "on point that have led to the conclusion that the appeal is frivolous." *Santiago*, 978 A.2d at 361. Counsel also states the IAC claims have no merit because "in most cases ineffective assistance of trial counsel arguments cannot be brought on

_____

[4] "Without one or the other, we are not assured, as *Anders* requires, that counsel fully performed his duty as [Appellant]'s advocate to independently search the record as a trained advocate with an eye to uncovering appealable error, before concluding that [Appellant]'s appeal was frivolous." *Santiago*, 978 A.2d at 360.

[5] Counsel blurs the distinction between "wholly frivolous" and "no-merit". *See Santiago*, 978 A.2d at 358-59.

direct appeal." Appellant's Brief at 10. While the statement is generally true, there is no explanation why the issues raised by Appellant cannot be addressed at this junction. There are indeed exceptions to the general rule, both falling within the trial court's discretion. *See Commonwealth v. Holmes*, 79 A.3d 562, 563-64 (Pa. 2013). Here, the trial court never had a chance to address the exceptions because it was never apprised of the issues (counsel filed an <u>untimely</u> Rule 1925(c)(4) statement) and the trial court's Rule 1925(a) opinion consists only of the factual and procedural background, declining to provide any further analysis based on counsel's Rule 1925(c)(4) statement (relying on *Commonwealth v. McBride*, 957 A.2d 752 (Pa. Super. 2008) for the proposition that "[I]f counsel files a statement of intent to file an *Anders/McClendon* brief pursuant to Rule 1925(c)(4), a trial court opinion is not necessary.").

Due to counsel's failure to comply with *Anders* and its progeny, we deny counsel's application to withdraw as counsel. We remand this case with instruction to counsel to file either a compliant *Anders/Santiago* brief or an advocate brief. Counsel is directed to comply with this directive within 30 days of the date of this Memorandum. Appellant and Commonwealth may respond within 30 days of counsel's filing to whatever course of action is chosen by counsel.

Application to withdraw as counsel denied. Case remanded. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/20/2016